# BROWNSTEIN & ASSOCIATES, P.C.
**Attorneys at Law**

HOWARD B. BROWNSTEIN*

\*   NJ & NY BAR

December 21, 2020

*Via ECF Filing / Email*
Honorable Mark Falk
United States Magistrate Judge
Frank R. Lautenberg
United States Post Office Building
1 Federal Square
Newark, New Jersey 07102

   Re: **United States of America v. Juan Rojas Hernandez**
      **Crim. No.: 19-888**

Dear Honorable Judge Falk:

  Please accept the following memorandum in lieu of a formal brief on behalf of defendant, Juan Rojas Hernandez in support of our application to change the present detention order to a reasonable bail.

**PROCEDURAL HISTORY**:

  Defendant, Juan Rojas Hernandez was arrested on November 5, 2019 on a criminal complaint. The Government moved to detain Mr. Rojas Hernandez on February 21, 2020 a formal detention hearing took place before United States Magistrate Judge James B. Clark, III.

  On May 13, 2020 a Bail Hearing took place before the Honorable Cathy L. Waldor, U.S.M.J., at which time the bail application was denied due to a 'No Contact' order between the defendant and the then proposed 3rd Party custodian, Maria Rodriguez, which was supposedly in place at the Jersey City Municipal Court. At that time the Court agreed that should the order be lifted, or probation be discharged, bail may be granted. After many months of investigation, it appears that there is no such 'No Contact' Order in place against the Defendant.

**PERSONAL HISTORY**:

The defendant was born on February 29, 2000. He was born in the Dominican Republic where he resided until age 7. Thereafter, he immigrated with his family to the United States where he later became a U.S. Citizen. He was raised in Newark, New Jersey where he lived with his grandmother Hermania Coser Bueno. At the time of arrest, Mr. Rojas Hernandez resided with his girlfriend Maria Rodriguez in Jersey City, New Jersey, with whom he has an eleven-month old baby.

**GOVERNMENT'S THEORY:**

The Government basically alleges that Mr. Rojas Hernandez acted as a lookout during an attempted bank robbery that took place in Union City, New Jersey. He is not alleged to have been a danger, nor did he possess a weapon.

**PRIOR RECORD**:

- Mr. Rojas Hernandez has a prior record composed of municipal complaints for incidents occurring in 2019. The complaints included charges of marijuana use and operating a stolen vehicle. Mr. Rojas is not a career criminal, nor does he have a history of violence in his background apart from a domestic violence incident which occurred in November 2019.

**LEGAL ARGUMENT**:

The purpose of a detention hearing is to determine whether any of the four alternatives under §3142 is available for the defendant to satisfy statutory safety and appearance concerns. (See U.S.A. v. Askari, 608 F. Supp. 1045 (Ed. Pa. 1985)). Only if the Government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure safety to the community and by a preponderance of the evidence that no condition or set of conditions under subsection C will reasonably assure the defendant's appearance can a defendant be detained before trial. U.S. v. Orta, 760 F.2d 887 (8th Cir. 1985). It is our understanding that the pre-trial detention procedure should be used sparingly for an "isolated" group and not at random. Otherwise, the protection afforded to all citizens under the Eighth Amendment to the United States Constitution would be violated. In this particular matter we submit under 18 USC 3142 (f) that let only subsection (2) is applicable. Therefore, the government must show that there is a serious risk that the person will flee.

As stated in U.S. v. Jones, 614 F. Supp. 96 (E. Pa. 1985) the Government, at the hearing, produced no evidence that there are not conditions that would "reasonably assure" the safety of

community or the appearance of the defendant at trial. It is respectfully submitted that there are conditions that can "reasonably assure" that Juan will appear at trial.

In <u>U.S. v. Lopez</u>, 827 F. Supp. 1107 (D.C., N.J. 1993) Judge Wolin found that the quantity of drugs in of itself should not prevent release and that defendant rebutted the Government's request for detention by the posting of five family properties with equity of $249,500.00 and home detention monitored by the National Center on Institutions and Alternatives and other conditions which are recommended below. In that case the quantity of drugs was over 800 kilograms of cocaine and the evidence in this case against the defendant was minimal.

In <u>U.S. v. Carbone,</u> 793 F2d 559 (3rd Cir. 1986) the Government appealed Judge Thompson granting bail for the defendant, <u>Carbone</u> who was charged with being a leader of a criminal enterprise in violation of 21 USC 848. The 3rd Cir. upheld the lower Court and stated the posting of surety in the form of residential property by community members was a strong indicator that private sureties were also vouching, for the defendant's character and was at least equivalent to oral character evidence. In this instance members of the family are vouching for Mr. Rojas.

**PROPOSED BAIL CONDITIONS**:

One hundred thousand dollars ($100,000.00) supported by:

1. Unsecured Appearance Bond co-signed by Ramon Rojas, defendant's father. [all necessary information has been submitted to pretrial]
2. Pretrial Services supervision.
3. Home Detention, with electronic monitoring, for the following: education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; or other activities as pre-approved by the Pretrial Services. The defendant shall pay all or part of the cost of the monitoring, based on ability to pay as determined by Pretrial Services.
4. Surrender all passports/travel documents. Do not apply for new travel documents.
5. Travel restricted to New Jersey, unless otherwise approved by Pretrial Services.
6. Substance abuse testing and/or treatment as directed by Pretrial Services.
7. Mental Health testing and/or treatment as directed by Pretrial Services.
8. Maintain current residence or a residence approved by Pretrial Services.
9. The defendant shall have no contact with codefendants and coconspirators, unless in the presence of counsel.

It is proposed that Juan Rojas Hernandez will reside with his brother Royce Rojas Hernandez in Irvington, New Jersey. (All pertinent information has been submitted to Pretrial Services)

**CONCLUSION**:

We respectfully submit the above stated conditions are sufficient to rebut the presumption and reasonable assure that Juan Rojas Hernandez is not a flight risk or a danger to the community.

Mr. Rojas Hernandez is not a career criminal. He is not a violent individual, nor does he have an extensive serious criminal history. He has never been involved in the use of weapons, and he allegedly played a minor role in the instant offense.

Juan Rojas Hernandez has strong ties to the community and family and is not or should not be considered a flight risk. He has an eleven-month old baby with his girlfriend Maria Rodriguez, born while Mr. Rojas was incarcerated. Mr. Rojas has resided in Newark and Jersey City, New Jersey for most of his life. Mr. Rojas' father is willing to vouch for him, and it is anticipated that he will reside with his brother Royce Rojas in Irvington, New Jersey. Both his father and brother know that Juan will not flee and will always appear as directed. Juan will not be a danger to the community since he will be on home detention with electronic monitoring.

We respectfully submit that Juan is neither a flight risk nor a danger to the community and should be placed on our proposed reasonable bail with the above conditions.

Respectfully submitted,
BROWNSTEIN BOOTH & ASSOCIATES

s/ Howard Brownstein
HOWARD B. BROWNSTEIN, ESQ.

Cc:   Vijay Dewen, AUSA-Via email only
      Sophia Grigolo USPO-Via email only