

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Vijay Dewan*
*Assistant United States Attorney*

USAO 2019R01290/VD

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

Phone: 973-645-2700

December 18, 2020

Howard Brownstein, Esq.
Brownstein Law & Associates
512 42nd Street
Union City, NJ 07087

> Re:   Plea Agreement with Juan Rojas Hernandez
>        Crim. No. 19-00888 (BRM)

Dear Mr. Brownstein:

This letter sets forth the plea agreement between your client, Juan Rojas Hernandez ("ROJAS HERNANDEZ"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **January 1, 2021** if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from ROJAS HERNANDEZ to Count Two of the Indictment, Crim. No. 19-888 (BRM), charging him with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. If ROJAS HERNANDEZ enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all the terms of the Agreement, this Office will not initiate any further criminal charges against ROJAS HERNANDEZ for bank robbery of the Valley National Bank in Union City, New Jersey on or about November 5, 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, ROJAS HERNANDEZ agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ROJAS HERNANDEZ may be commenced against him,

notwithstanding the expiration of the limitations period after ROJAS HERNANDEZ signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2113(a) to which ROJAS HERNANDEZ agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ROJAS HERNANDEZ is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence ROJAS HERNANDEZ ultimately will receive.

In addition to imposing any other penalty on ROJAS HERNANDEZ, the sentencing judge: (1) will order ROJAS HERNANDEZ to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order ROJAS HERNANDEZ to pay restitution pursuant to 18 U.S.C. § 3663(A); (3) may order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; (4) may order ROJAS HERNANDEZ, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (5) pursuant to 18 U.S.C. § 3583, may require ROJAS HERNANDEZ to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should ROJAS HERNANDEZ be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ROJAS HERNANDEZ may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

ROJAS HERNANDEZ agrees to make full restitution for all losses resulting from the offenses of conviction, or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses, in the amount of $10,200 to Valley National Bank.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ROJAS HERNANDEZ by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ROJAS HERNANDEZ's activities and relevant conduct with respect to this case.

Stipulations

This Office and ROJAS HERNANDEZ agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or ROJAS HERNANDEZ from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and ROJAS HERNANDEZ waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing,

including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

ROJAS HERNANDEZ understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. ROJAS HERNANDEZ understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. ROJAS HERNANDEZ wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. ROJAS HERNANDEZ understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, ROJAS HERNANDEZ waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ROJAS HERNANDEZ. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against ROJAS HERNANDEZ.

No provision of this agreement shall preclude ROJAS HERNANDEZ from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that ROJAS HERNANDEZ received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between ROJAS HERNANDEZ and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: _____
VIJAY DEWAN
Assistant U.S. Attorney

APPROVED:

_____
COURTNEY A. HOWARD
Chief, Economic Crimes Unit

I have received this letter from my attorney, Howard Brownstein, Esq. I have read it, and I understand it fully. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Juan Rojas Hernandez_     Date: 1/28/21
Juan Rojas Hernandez

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_[signature]_     Date: 1/28/21
Howard Brownstein, Esq.
Counsel for Juan Rojas Hernandez

<u>Plea Agreement With Juan Rojas Hernandez</u>

<u>Schedule A</u>

  1. This Office and Juan Rojas Hernandez ("ROJAS HERNANDEZ"), agree to stipulate that on or about November 5, 2019, ROJAS HERNANDEZ did, knowingly, by force and violence, or by intimidation, take and attempt to take, from the person and presence of another, namely, employees of Valley National Bank, located in Union City, New Jersey, money and property belonging to, and in the care, custody, control, management, and possession of Valley National Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

  2. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence between 12 and 15 months (the "Stipulated Sentence") is reasonable in light of the factors set forth in 18 U.S.C. § 3553, that ROJAS HERNANDEZ will not argue for a sentence that is below the Stipulated Sentence, and that this Office will not argue for a sentence that is more than Stipulated Sentence.

  3. The parties recognize that the stipulations and the Stipulated Sentence set forth in this agreement are not binding upon the Court. The parties nevertheless agree to the stipulations set forth herein and agree that the Stipulated Sentence is reasonable.

  4. ROJAS HERNANDEZ knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence is within the Stipulated Sentence range of 12 to 15 months. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence is within the Stipulated Sentence range of 12 to 15 months. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

  5. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraphs.